**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARYANGEL FONSECA-ARAUZ, | No. 08-71542 |
| Petitioner, | Agency No. A078-325-634 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Maryangel Fonseca-Arauz, a native and citizen of Nicaragua, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

We lack jurisdiction to review Fonseca-Arauz's contention that she is a member of a particular social group of women who are victims of domestic violence and are unable to obtain protection from the governmental authorities because she did not present this distinct claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Fonseca-Arauz does not challenge the agency's finding that she failed to establish past persecution. Substantial evidence supports the agency's finding that Fonseca-Arauz did not establish that she has a well-founded fear of future persecution because there is no evidence her ex-husband will harm her on account of a protected ground. *See Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001). Accordingly, Fonseca-Arauz's asylum claim fails.

Because Fonseca-Arauz failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Molina-Morales*, 237 F.3d at 1052. Accordingly, Fonseca-Arauz's withholding of removal claim also fails.

Fonseca-Arauz does not challenge the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

Finally, Fonseca-Arauz's claim that the BIA failed to articulate reasons for denying her relief is belied by the record.

**PETITION FOR REVIEW DENIED.**